**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20087**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN ESPARZA ISAIS, also known as Juan Isais Espartz, Jr.,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-176-5
--------------------
March 5, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges:

PER CURIAM:[*]

Juan Esparza Isais (Isais) was convicted on his guilty plea of possessing cocaine base with intent to distribute it. Isais seeks to appeal his sentence on the ground that the district court misapplied the sentencing guidelines by refusing to consider granting him a downward departure for being a deportable alien. Isais contends that the record reflects that he did not knowingly and voluntarily waive his right to appeal his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Isais and his counsel signed attestations attached to the plea agreement in which they asserted that Isais had read the plea agreement and had carefully reviewed "every part" of it with counsel; and that Isais understood it and voluntarily agreed to it. At the Fed. R. Crim. P. 11 hearing, Isais swore that he had read and that he understood the plea agreement and that he had willingly signed it.

When the record clearly shows that the defendant read and understood the plea agreement and that he raised no question regarding the waiver-of-appeal provision, the plea agreement will be upheld. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). The district court asked Isais if he had read and if he understood the plea agreement. Isais swore in the affirmative. There is nothing in the record to indicate that he did not understand or was confused by the waiver-of-appeal provision at the time he pleaded guilty. To the contrary, Isais's and his counsel's attestations indicate that he had reviewed and that he understood "every part" of the plea agreement. Isais and his new counsel can hardly be heard to argue to the contrary now, and we deem such argument to be frivolous. Isais's reliance on United States v. Robinson, 187 F.3d 516 (5th Cir. 1999), is misplaced. See Portillo, 18 F.3d at 292-93.

We hold that Isais waived his right to appeal his sentence in his plea agreement, and we DISMISS THIS APPEAL AS FRIVOLOUS.

APPEAL **DISMISSED**.